U.S. Department of Justice
United States Marshals Service

# DETAINER
## BASED ON FEDERAL JUDGMENT AND COMMITMENT

UNITED STATES MARSHAL
DISTRICT OF MINNESOTA

TO: *MCF Lino Lakes*
*Attn: Records*
Lino Lakes, MN

| | |
|---|---|
| DATE: | June 7, 2005 |
| SUBJECT: | GALCERAN, Robert Kilroy |
| DOB/SSN: | 08/03/1974 / 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 |
| USM#: | 09750-041 |
| CR#: | 00-366(2) JRT/FLN |
| OID#: | 198471 |

Please accept this Detainer against the above-named subject who is currently in your custody. The United States District Court for the **District of Minnesota** has issued a **Judgment and Commitment Order** against the subject. The **Judgment and Commitment Order** commits the subject to the custody of the U.S. Attorney General to serve a sentence of imprisonment:

**120 Months**

Prior to the subject's release from your custody, please notify this office by calling our warrant division at 612-664-5913, so that we may assume custody of the subject for service of his Federal sentence of imprisonment. If the subject is transferred from your custody to another detention facility, we request that you forward our Detainer to said facility at the time of transfer and advise this office as soon as possible at the above telephone number.

**Please acknowledge receipt of this Detainer. In addition, please provide one copy of the Detainer to the subject and return one copy of the Detainer to this office via fax #612-664-5911.**

Sincerely,

Allen Garber
*United States Marshal*

By: [signature]
Marianne LaLiberte
Investigative Research Specialist

| RECEIPT |
|---|
| Date: 6-14-05 |
| Signed: B Shafer |
| Title: OASS MCF-LL |

*Form USM-16B*
*Est. 11/92*

*PRIOR EDITIONS ARE OBSOLETE AND NOT TO BE USED*

Attachment 1

** TOTAL PAGE.02 **

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

UNITED STATES OF AMERICA, Criminal No.: 00-366(2) (JRT/FLN)

Plaintiff,

vs. TRANSCRIPT

ROBERT KILROY GALCERAN, OF

Defendant. PROCEEDINGS

---

COPY

The above-entitled matter came on for hearing before the Honorable John R. Tunheim of the United States District Court, District of Minnesota, on February 5, 2002, at the United States District Court, 300 South Fourth Street, Minneapolis, Minnesota 55415, commencing at approximately 10:15 a.m.

California CSR No.: 8674

Illinois CSR No.: 084-004202

Iowa CSR

Attachment 2

MR. NOAKER: That's correct. And I would request that the court consider recommending the facility at Sandstone here in Minnesota and requesting that Mr. Galceran be considered for that. I believe his security level would allow for that, and it would also prevent a situation where, when they're going through the prison system, it would further assist in making sure that he doesn't end up at the same facility as Mr. Pinke. For the court's information, while Mr. Pinke was being held pending further sentencing up in Anoka, he assaulted another prisoner and has been convicted of that. He almost killed him.

THE COURT: Where is Mr. Pinke at right now?

MR. NOAKER: Apparently he's still in Anoka waiting to be shipped to the federal facility, as I understand it.

MR. KOCH: It's my understanding that he is still local, but he'll be designated to Leavenworth, your Honor.

THE COURT: Leavenworth?

MR. KOCH: That's my understanding.

MR. NOAKER: And again, you know, he injured a fellow inmate, so obviously it's well within his repertoire. And he has the motive because he's doing his time because of him, there's no question there. I would

the Bureau of Prisons, that you not be housed anywhere near your co-defendant in this case at any time, not even in momentary transition.

Now, I believe Mr. Galceran is subject to the provisions of the Mandatory Detention Act in this case, and there, I think, are pending charges in other courts. So I'm going to order Mr. Galceran to be held in the custody of the attorney general pending the determination by the Bureau of Prisons of the location of a facility. And I do not find that there's any reason that would warrant any pre-sentence release.

Anything else? Mr. Noaker, do you have any anything else for today?

MR. NOAKER: Your Honor, is there a requirement to articulate the fact that Mr. Galceran has been in custody this entire time since his pretrial? Do we need to articulate the credit against his sentence or is that handled --?

THE COURT: He should automatically receive credit for that. Sometimes I put that in just to make sure that I recommend that. And we'll do that in this case, because I realize he's been held for some time now and he should receive credit for that.

MR. NOAKER: Thank you, your Honor.

THE COURT: Mr. Koch, anything else from you?

# REGISTER OF ACTIONS

CASE NO. 02-K4-01-002084

The State of Minnesota vs. ROBERT KILROY GALCERAN

Case Type: **Felony**
Date Filed: **03/13/2001**
Location: **Anoka**

## PARTY INFORMATION

**Lead Attorneys**

**Defendant** **GALCERAN, ROBERT KILROY**
MCF ST CLOUD MN

**Jurisdiction** **State of Minnesota**
None

NORMAN, NANCY JONES
*Retained*

## CHARGE INFORMATION

| Charges: GALCERAN, ROBERT KILROY | Statute | Level | Date |
|---|---|---|---|
| 1. F AGG ROBBERY-1ST DEG | 609.245.1 | Converted: Offense L | 11/05/2000 |

## EVENTS & ORDERS OF THE COURT

**DISPOSITIONS**

10/16/2002 **Plea** (Judicial Officer: Judge, Presiding)
1. F AGG ROBBERY-1ST DEG
Guilty

11/06/2002 **Disposition** (Judicial Officer: Judge, Presiding)
1. F AGG ROBBERY-1ST DEG
Convicted

11/06/2002 **Converted TCIS Criminal Sentence** (Judicial Officer: Morrow, James A.)
1. F AGG ROBBERY-1ST DEG
Converted Disposition:
```
Concurrent Other Complaint
```
Converted Disposition:
```
Pronounced: 98 Months
Confinement NCIC: MN071015C - MN Dept Corr-St Cld Rf
```
Converted Disposition:
```
Other Court Provisions:
377: Sentence to Service
365: Credit w/time Srvd
533: Waive Surcharges
```
Converted Disposition:
```
Comments:
534,346;EXECUTE FORTHWITH;CRD 649DYS TM SRVD;FN/SC'S WVD;MAY
SRV IN FEDERAL CUSTODY;REST CO ATTY TO SUBMIT ORDER;JDGMT;
```

**OTHER EVENTS AND HEARINGS**

03/13/2001 FLD-Case Filed
*CNV: Occurred Comment: COMPLAINT FILED-CO ATTY #F01-201A/JRS*

03/14/2001 WAR-Warrant Issued
*CNV: Occurred Comment: PROBABLE CAUSE; NIGHTCAP CNV: WARRANT DATED 031301; ISSUED TO SHERIFF 031401*

05/01/2001 DOC-Document Filed
*CNV: Occurred Comment: LJO/CERTIFICATE OF DISCLOSURES MADE BY THE STATE*

05/24/2001 DOC-Document Filed
*CNV: Occurred Comment: JG/CLEARED WARR DATED 031301 RETURNED*

05/24/2001 DOC-Document Filed
*CNV: Occurred Comment: CAK/RULE 7.01 & 9.02 NOTICES FILED*

05/24/2001 *CANCELED* **Hearing** (1:02 PM) (Judicial Officer Venne, Donald J.)
*Location: CO Cancelled Comment: PROBABLE CAUSE; TO BE HEARD W/K3-01-844*

05/24/2001 *CANCELED* **Rule 5 Hearing** (9:58 AM) (Judicial Officer Venne, Donald J.)

Attachment 3

| | |
|---|---|
| | *Location: CO Cancelled Comment: APPRG ON WARR/PROBABLE CAUSE* |
| 05/24/2001 | **Rule 5 Hearing** (1:00 PM) (Judicial Officer Venne, Donald J.)<br>*Location: CO Occurred Comment: CAK/& RULE 8; PD APPT'D W/I FORM; WAIVE READING; WAIVE OMN Location: CO TIMELINES; RULE 7.01 & 9.02 NOTICES FILED; CONTECTED OMNIBUS Location: CO HEARING SET 080901 1PM*<br>Result: Converted Activity Status Flag Occurred |
| 05/24/2001 | WRC-Recall Warrant<br>*CNV: Occurred Comment: JG/WARR DATED 031301 CLEARED BY ARREST/APPRG ON JAL CAL* |
| 08/09/2001 | **Contested Omnibus** (1:00 PM) (Judicial Officer Hayes, Thomas D.)<br>*Location: CO Occurred Comment: SJB/CONT CONTESTED OMN HRG FOR 100201 AT 1:00 PM - RETURN Location: CO ON RULE 20.01 & 20.02 ORDERED*<br>Result: Converted Activity Status Flag Occurred |
| 08/13/2001 | ORD-Order<br>*CNV: Occurred Comment: BKK/RULE 20.01 & 20.02 ORDER;COURT ADMINISTRATOR'S NOTICE CNV: (ORIGINAL FILED IN K3-01-844)* |
| 09/19/2001 | DOC-Document Filed<br>*CNV: Occurred Comment: SJB/CRT ADMINISTRATOR'S NOTICE FILED RE:RULE 20 FINDINGS* |
| 09/19/2001 | EXR-Examiner's Report<br>*CNV: Occurred Comment: DR CROWNS/MAUDAL* |
| 10/02/2001 | *CANCELED* **Contested Omnibus** (1:00 PM) (Judicial Officer Venne, Donald J.)<br>*Location: CO Cancelled Comment: RETURN RULE 20* |
| 10/02/2001 | **Hearing** (11:31 AM) (Judicial Officer Venne, Donald J.)<br>*Occurred Comment: DMD/SET CONTESTED COMPETENCY HEARING 102401 @ 0100; DATE PER COURT; SAME CONDITIONS AS PREVIOUSLY SET*<br>Result: Converted Activity Status Flag Occurred |
| 10/22/2001 | **Hearing** (8:56 AM) (Judicial Officer Olson, Lynn C.)<br>*Location: CO Occurred Comment: JV/NO FILE PULLED;CONTINUE FOR RULE 20 RETURN;DO NOT Location: CO TRANSPORT FOR 10242001 PER DEFENSE ATTORNEY HEARING IS Location: CO CANCELLED;*<br>Result: Converted Activity Status Flag Occurred |
| 10/24/2001 | *CANCELED* **Hearing** (1:00 PM) (Judicial Officer Maas, Ellen L.)<br>*Location: CO Cancelled Comment: CONTESTED COMPETENCY HEARING* |
| 01/14/2002 | ORD-Order<br>*CNV: Occurred Comment: LJO/TRANSPORTATION ORDER-SHERBURNE COUNTY JAIL-U.S.MARSHAL CNV: ALSO COVERS K3-01-844 & K6-01-2085* |
| 01/16/2002 | **Hearing** (1:00 PM) (Judicial Officer Hayes, Thomas D.)<br>*Location: CO Pending Comment: RULE 20 RETURN; TRANSPORT F/SHERBURNE CO JAIL/US MARSHAL Location: CO Occurred Comment: SW/SAME AS PREVIOUSLY SET;RETURN RULE 20 SET 021402 AT 100PM Location: CO NOT TRANSPORTED-RULE 20 NOT AVAILABLE;*<br>Result: Converted Activity Status Flag Occurred |
| 02/07/2002 | ORD-Order<br>*CNV: Occurred Comment: VLM/ORDER THAT EVALUATION CONDUCTED BY FEDERAL MEDICAL CENTR CNV: BE RELEASED BY US ATTY WILLIAM KOCH TO ANOKA CO BY 021102* |
| 02/08/2002 | DOC-Document Filed<br>*CNV: Occurred Comment: VLM/COURT ADMINISTRATOR'S NOTICE CNV: CC: CO ATTY NORMAN;DFD ATTY KOPP;US ATTY KOCH;JANE MORROW; CNV: JOANN BENNETT;DIANE ENGELBY* |
| 02/14/2002 | *CANCELED* **Hearing** (1:00 PM) (Judicial Officer Johnson, Lawrence R.)<br>*Location: CO Cancelled Comment: RETURN RULE 20* |
| 02/14/2002 | **Hearing** (1:00 PM) (Judicial Officer Johnson, Lawrence R.)<br>*Location: CO Occurred Comment: SJB/UPDATED RULE 20 -A TTY NORMAN TO SUBMIT ORDER - RTN ON Location: CO RULE 20 FOR 041502 AT 1:00 PM - SAME CONDITIONS PREV SET - Location: CO DEFT TO PROVIDE ANY RELEASES*<br>Result: Converted Activity Status Flag Occurred |
| 02/19/2002 | ORD-Order<br>*CNV: Occurred Comment: VLM/ORDER TO UPDATE RULE 20.01 EVALUATION* |
| 02/26/2002 | ORD-Order<br>*CNV: Occurred Comment: VLM/ORDER TO UPATE RULE 20.01 EVALUATION* |
| 02/27/2002 | DOC-Document Filed<br>*CNV: Occurred Comment: VLM/COURT ADMINISTRATOR'S NOTICE CC: CO ATTY NORMAN;PD KOPP CNV: DR MAUDAL;SHERIFF;SHERBURNE CO JAIL;US MARSHALL;JANE MORROW; CNV: JOANN BENNETT;LANA DOCKHAM;ANOKA CO JAIL;DIANE ENGELBY* |
| 04/15/2002 | *CANCELED* **Hearing** (1:02 PM) (Judicial Officer Olson, Lynn C.)<br>*Location: CO Cancelled Comment: RETURN RULE 20 ALSO K301844 & K6012085* |
| 04/15/2002 | **Hearing** (1:50 PM) (Judicial Officer Olson, Lynn C.)<br>*Location: CO Occurred Comment: LAS/FAIL TO APPEAR FOR HEARING;WARRANT TO ISSUE Location: CO WITH BODY ONLY*<br>Result: Converted Activity Status Flag Occurred |
| 04/29/2002 | WAR-Warrant Issued<br>*CNV: Occurred Comment: LAS/FAIL TO APPEAR FOR HEARING;NIGHTCAP CNV: WARRANT DATED 041502;ISSUED TO SHERIFF 042902 CNV: WARRANT ALSO COVERS K301844 & K6012085* |
| 05/20/2002 | ORD-Order<br>*CNV: Occurred Comment: LJO/TRANSPORTATION ORDER - HENNEPIN COUNTY JAIL CNV: ALSO COVERS K3-01-844 & K6-01-2085* |
| 05/22/2002 | DOC-Document Filed<br>*CNV: Occurred Comment: NMI/CLEARED WARRANT DATED 04152002 RETURNED* |
| 05/22/2002 | **Hearing** (10:19 AM) (Judicial Officer Askew, Stephen J.)<br>*Location: CO Pending Comment: TRANSPORT F/HENN CO JAIL - WARRANT ACTIVE UNTIL APPEARS Location: CO Occurred Comment: JV/CONTINUE HEARING;HOLD W/O BAIL;*<br>Result: Converted Activity Status Flag Occurred |

| | |
|---|---|
| 05/22/2002 | CANCELED **Hearing** (9:58 AM) (Judicial Officer Askew, Stephen J.)<br>Location: CO Cancelled Comment: NMI/APP ON JAIL CAL/FTA RET R20 041502 ALSO K301844 K6012085 |
| 05/22/2002 | WRC-Recall Warrant<br>CNV: Occurred Comment: NMI/WARRANT DATED 04152002 CLEARED BY ARREST.APP ON JAIL CAL |
| 06/10/2002 | **Hearing** (1:01 PM) (Judicial Officer Hoffman, John C.)<br>Location: CO Pending Comment: ALSO K301844 & K6012085 Location: CO Occurred Comment: JRS-CONT TO 071802;NEW UPDATED RULE 20 & 20.01 ORDERED-AT Location: CO COUNTY EXPENSE;$100,000 CASH BAIL SET TO COVER K3-01-844, Location: CO K4-01-2084 & K6-01-2085<br>Result: Converted Activity Status Flag Occurred |
| 07/18/2002 | CANCELED **Hearing** (1:01 PM) (Judicial Officer Hoffman, John C.)<br>Location: CO Cancelled Comment: ALSO K301-844 & K601-2085;RETURN ON RULE 20 |
| 08/07/2002 | DOC-Document Filed<br>CNV: Occurred Comment: VLM/COURT ADMINISTRATOR'S NOTICE CC: DR M FARNSWORTH/KAYE CNV: ZARN;JAIL;TRANSPORT;US MARSHALL;JANE MORROW;JOANN BENNETT; CNV: LANA DOCKHAM;DIANE ENGELBY |
| 08/07/2002 | ORD-Order<br>CNV: Occurred Comment: VLM/RULE 20.01 & 20.02 ORDER |
| 08/14/2002 | DOC-Document Filed<br>CNV: Occurred Comment: SJB/DEFT'S DEMAND FOR SPECIFIC DISCLOSURE FILED (K3-01-844) |
| 08/19/2002 | ORD-Order<br>CNV: Occurred Comment: VLM/AMENDED RULE 20.O01/20.02 ORDER |
| 08/21/2002 | DOC-Document Filed<br>CNV: Occurred Comment: VLM/COURT ADMINISTRATOR'S NOTICE CC: DR MICHAEL FARNSWORTH CNV: KAYE ZARN;JAIL;TRANSPORT;US MARSHALL;JANE MORROW;JOANN CNV: BENNETT;LANA DOCKHAM;DIANE ENGELBY |
| 08/28/2002 | CANCELED **Hearing** (1:01 PM) (Judicial Officer Judge, Presiding)<br>Location: CO Cancelled Comment: ALSO K301-844 & K601-2085;RETURN ON RULE 20 |
| 09/10/2002 | DOC-Document Filed<br>CNV: Occurred Comment: BKK/DFD DEMAND FOR SPECIFIC DISCLOSURE ** ORIGINAL FILED IN CNV: K3-01-844 |
| 09/24/2002 | EXR-Examiner's Report<br>CNV: Occurred Comment: ST PETER |
| 09/26/2002 | ORD-Order<br>CNV: Occurred Comment: VLM/TRANSPORT ORDER FR MCF - ST CLOUD |
| 10/03/2002 | CANCELED **Hearing** (1:01 PM) (Judicial Officer Judge, Presiding)<br>Location: CO Cancelled Comment: ALSO K301-844 & K601-2085;RETURN ON RULE 20 |
| 10/08/2002 | DOC-Document Filed<br>CNV: Occurred Comment: VLM/COURT ADMINISTRATOR'S NOTICE FILED RE: RULE 20 FINDINGS CNV: CC: CO ATTY & PD OFFICE |
| 10/11/2002 | ORD-Order<br>CNV: Occurred Comment: VLM/TRANSPORT ORDER FR MCF-ST CLOUD;TRANSPORT ON 101502 |
| 10/16/2002 | CANCELED **Hearing** (1:10 PM) (Judicial Officer Morrow, James A.)<br>Location: CO Cancelled Comment: & K6012085 &K301844;RTRN ON RU 20;TRANSP FR MCF-ST CLOUD |
| 10/16/2002 | **Plea Hearing** (1:30 PM) (Judicial Officer Morrow, James A.)<br>Location: CO Occurred Comment: MS/PLEA TO COUNT 1 AS CHARGED;SET SENTENCING FOR 11062002 Location: CO BEFORE JUDGE MORROW;DISMISS FILE K3-01-844;CONDITIONS OF Location: CO RELEASE-HOLD IN ANOKA<br>Result: Converted Activity Status Flag Occurred |
| 10/16/2002 | PSO-Pre-Sentence Investigation Ordered<br>CNV: |
| 10/16/2002 | PTN-Petition<br>CNV: Occurred Comment: MS/PETITION TO ENTER PLEA OF GUILTY IN FELONY CASE PURSUANT CNV: TO RULE 15 FILED |
| 10/21/2002 | CANCELED **Hearing** (1:01 PM) (Judicial Officer Judge, Presiding)<br>Location: CO Cancelled Comment: & K6012085 &K301844;RTRN ON RU 20;TRANSP FR MCF-ST CLOUD |
| 10/22/2002 | TSC-Transcript Filed<br>CNV: Occurred Comment: KRK- GUILTY PLEA FROM 101602. |
| 10/30/2002 | PSF-Pre-Sentence Investigation Filed<br>CNV: Occurred Comment: SW/REC'D, FILED AND FORWARDED TO JAM CNV: ALSO COVERS K6-01-2085 |
| 10/31/2002 | DOC-Document Filed<br>CNV: Occurred Comment: TS/VICTIM REQUEST FOR RESTITUTION-PERKINS RESTAURANT |
| 11/06/2002 | CLO-Closed<br>CNV: |
| 11/06/2002 | DOC-Document Filed<br>CNV: Occurred Comment: SW/NOTICE OF MOTION AND MOTION FOR DOWNWARD SENTENCING CNV: DEPARTURE; |
| 11/06/2002 | DOC-Document Filed<br>CNV: Occurred Comment: SW/MINUTES OF SENTENCING FILED;DFD'S COPY W/PRISON COMMIT; |
| 11/06/2002 | CANCELED **Sentencing** (1:30 PM) (Judicial Officer Morrow, James A.)<br>Location: CO Cancelled Comment: COUNT 1 AS CHARGED |
| 11/06/2002 | **Sentencing** (1:30 PM) (Judicial Officer Morrow, James A.)<br>Location: CO Occurred Comment: SW/COMMITTED TO COMMISSIONER CORRECTIONS 98MOS;EXECUTE Location: CO FORTHWITH;CRD 649DYS TM SRVD;<br>Result: Converted Activity Status Flag Occurred |
| 11/07/2002 | DOC-Document Filed<br>CNV: Occurred Comment: SW/COURT ADMINISTRATOR'S CERTIFIED RECORD FOR COMMITMENT CNV: UPON PLEA OF GUILTY |
| 11/18/2002 | ORD-Order<br>CNV: Occurred Comment: VLM/ORDER FOR RESTITUTION - $688.00 |
| 11/19/2002 | TSC-Transcript Filed<br>CNV: Occurred Comment: TLJ-SENTENCING FROM 11-6-02 |

| | |
|---|---|
| 11/27/2002 | DOC-Document Filed<br>*CNV: Occurred Comment: SW/WARRANT OF COMMITMENT (MCF-SCL)* |
| 02/06/2003 | ARC-Archive<br>*CNV:* |
| 01/03/2007 | Converted Pending Activity<br>*CNV: ARC Archive* |

FILED
NOV 1 9 2002
Jane F. Morrow
COURT ADMINISTRATOR
ANOKA COUNTY, MN
DEPUTY



STATE OF MINNESOTA IN DISTRICT COURT

COUNTY OF ANOKA TENTH JUDICIAL DISTRICT.

STATE OF MINNESOTA, COUNTY OF ANOKA
Certified to be a true and correct copy of the original on file and of record in this office
MAY 2 2 2006
JANE F. MORROW, Court Administrator
By [signature] Deputy

---------------------------

State of Minnesota,

vs. SENTENCING

Robert Kilroy Galceran File No. K3-01-844

--------------------------- K4-01-2084 and

K6-01-2085

TRANSCRIPT OF SENTENCE in the above-entitled matter before the Honorable James A. Morrow, Judge of District Court, on November 6, 2002 at the Anoka County Courthouse, Anoka, Minnesota.

* * *

APPEARANCES:

KRISTIN LARSON, Esq., appeared on behalf of the State;

KRISTIN KOPP, Esq., appeared on behalf of the Defendant.

S. Theobald, Reporter

Attachment 4

MS. KOPP: Your Honor, I do have a departure motion. I'm sorry.

THE COURT: We are here for -- how do you pronounce the last name.

THE DEFENDANT: Galceran. Yes, sir.

THE COURT: We are here for State of Minnesota vs. Robert Galceran. Do you want to give your appearances?

MS. LARSON: Kristin Larson for both of these matters.

MS. KOPP: Kirstin Kopp on behalf of Mr. Galceran before the Court in custody.

THE COURT; Thank you. Any corrections or additions to the PSI?

MS. LARSON: I do not have any corrections or additions, Your Honor. Thank you.

MS. KOPP: No, Your Honor.

THE COURT: Are we ready for sentencing then?

MS. KOPP: We are.

THE COURT: Ms. Larson, what did you want to say?

MS. LARSON: Your Honor, at the time of the guilty plea, the plea agreement was stated, and it allowed for the State to argue for up to 128 months.

As a total combined sentence on these two files, were they to be sentenced consecutive, actually the Guidelines would be a longer sentence consecutive if the Court were to go with consecutive. I was thinking that Mr. Gaceran started with a somewhat lower history when I made that negotiation. I now know that the two sentences on these files, if they are sentenced concurrently, would be a range of 94 to 102 on the first robbery and 104 to 112 months concurrent on the second robbery.

Given that there is only 16 months difference between 112 and 128 months and given that the Court indicated its inclination to sentence concurrent, I'm just going to ask the Court to sentence these two matters concurrent, 112 months being the longest and controlling sentence.

I need to respond to Ms. Kopp's motion that I received just a few moments ago. I don't object to her making the motion on short notice, but obviously I'm opposed to it. The State believes that the Minnesota Sentencing Guidelines should be followed in these matters. These two aggravated robberies were quite typical aggravated robberies. In each one, the defendant or his accomplice brandished a gun and demanded money and took money by force from the

victim. Those are about the most typical aggravated robberies I can imagine.

The defense motion requests a downward durational departure, cites a number of factors, including Mr. Galceran's remorse and his mental illness. Those types of factors might be appropriate if a dispositional departure were requested to probation, but this is a request for a downward durational departure. Since I just received the motion, I didn't have time to do a lot of research, but my recollection is that the case law on the Sentencing Guidelines departures basically says that in order to request durational departures, there have to be offense related factors cited. In other words, substantial and compelling factors that would show these aggravated robberies to be somehow less serious than typical. That they were minimal or the defendant's involvement was minimal. I don't think that that is the case here at all.

As I said, I think they are very typical aggravated robberies. Mr. Galceran's memory as stated when he pled guilty was not the best, but if the Court takes into account the facts stated in the complaint as part of the factual basis, they are very typical aggravated robberies, and the defendant's age, his

prior record, remorse, cooperation, attitude while in court, those are not appropriate factors for the Court to even be considering in a downward durational departure.

So with that, Your Honor, I would just ask that the Court follow the Sentencing Guidelines and sentence him to two sentences concurrent, 102 months on the first offense, and 112 months on the second.

My only other request is that the Court pursuant to the Restitution Affidavit from Perkins Restaurant order restitution of $688 to Perkins Restaurant, and that that be retained from the defendant's prison wages. That's the only restitution request I've received out of these three files.

THE COURT: $608?

MS. LARSON: $688. Total.

THE COURT: What's that for?

MS. LARSON: That's for money stolen in the robbery. The other two victims did not request.

THE COURT: I'm sorry. Anything else?

MS. LARSON: That's all. Thank you.

THE COURT: Thank you, Ms. Larson.

THE COURT: Ms. Kopp?

MS. KOPP: First of all, Your Honor, as to the amount of restitution, Mr. Galceran has no

objection to that amount.

THE COURT: Okay.

MS. KOPP: As to the sentence, first of all, as to my motion I did cite cases about dispositional departure cases because in essence that's kind of what I'm asking the Court to do. Because if the Court gives him a downward durational departure, it will affect his status in federal custody and will affect his ability to get programming in federal custody. His goal is to get education and training by asking the courts for a lower sentence.

Additionally, Your Honor, as to the offenses, I believe that the codefendant, Mr. Pinke, appeared to be the more main player in these offenses. Mr. Galsteran did suffer from mental illness at the time, I believe, as well.

Your Honor, he -- Mr. Galsteran, although it may not have been clear, all throughout this case is remorseful for his actions. He did want to confess all and cleanse his soul initially, and he did confess to the police so they could have useful information in trying to solve these crimes.

Your Honor, Mr. Galceran stands before the Court as a man who knows he is going to be doing a lot of time. He has got a federal sentence that he has to

do, and no matter what sentence this Court gives him, he will be doing more time than the stayed time in federal custody because he earns less good time on the federal sentence.

He also is in custody on a Hennepin County sentence. He was sent up to St. Cloud, Your Honor, before and has now been held here. He would ask the Court to consider holding him here until the federal agents pick him up rather than sending him back to St. Cloud, partly so that he is able to maintain contact with his federal attorney regarding that case, and also so that they'll know where to pick him up.

I think there has been some confusion about where he is supposed to be because of the federal sentence and the Hennepin sentence, and now this sentence, so he would ask the Court to keep him here. And Mr. Galsteran does want to address the Court, Your Honor.

But as to the sentence, we would ask the Court to consider the 80 months downward durational departure rather than the 108 months, and that is solely so that he will be able to qualify for certain programming.

Mr. Galceran talked to me about a program where he could go to barber school and get that

training to have that school so he would be able to have employment and work to pay off restitution and make the victims whole financially.

I would ask the Court to consider not ordering restitution from prison wages, however. I would ask the Court to simply make the order that he owes that money. No matter where he goes, state custody or federal custody, he is not going to be making very much money at any job or program that he is in.

Mr. Galceran has recently got back in touch with his family. He recently had a visit from his family. They initially were not supportive of him, but have now been supportive of him, so he does have their support, and he has now been taking his medication and doing much better.

I can say from the initial time I started representing Mr. Galceran to this day, he has changed immensely in his attitude and his behavior and his demeanor. He is very much improved. And I am confident that he is competent to proceed now.

I would notes, Your Honor, that since he has been held here in Anoka County, he has had no further problems, disciplinary problems, as far as I know. At least I didn't hear of any.

THE COURT: We heard a lot of them in the PSI. Do you folks know if that's true?

THE BAILIFF: I would like to call our office.

THE COURT: Would you?

THE BAILIFF: Yes.

THE COURT: If it makes a difference. If he is -- because this is the worst I've read about a prisoner in years and years, but if he hasn't done anything in the last few weeks, we'll keep him here. Anything else, Ms. Kopp?

MS. KOPP: I guess the only other -- I would just ask the Court to consider the 80 months, and I would note that Mr. Galceran has been in custody for a significant period of time. 649 days. And all of that has been pertty much straight time. And a lot of it has been spent in the hole. That's all, Your Honor.

THE COURT: Thank you. Mr. Galceran, do you want to stand? Do you want to address the Court? Did you want to say something before sentencing?

THE DEFENDANT: Yes, sir. I would like to. This has been a very, very long process. And I know that my actions in this jail -- I don't know what the PSI said, but as your opinion said, it pretty well --

THE COURT: I can read it to you.

THE DEFENDANT: That's all right.

THE COURT: It just says here assaultive -- he has numerous violations including assaultive behavior, damage to jail property, possessing marijuana, tampering with a mechanical security device, threats to staff, not following orders.

THE DEFENDANT: That's all true, Your Honor.

THE COURT: But you haven't done any -- when did the medication -- you started taking that or kicked in or what happened?

THE DEFENDANT: Well, I really didn't want to get into this, but I'll briefly kind of explain.

THE COURT: Well, if you want -- you should, because if you want me to keep you here and not send you to St. Cloud.

THE DEFENDANT: I've been a model inmate -- I kept my word to you.

THE COURT: Good.

THE DEFENDANT: And that will come back through.

THE COURT: Good.

THE DEFENDANT: In response to that, a lot of that stuff happened after I was left bare naked in

a room for two weeks covered in my feces while in restraints, and I have to say that in -- it's almost two years now that I've been locked up. I ain't had no problems coming here, and it's not your fault. It was my fault because I started smoking marijuana when I was here. And me and drugs don't go well together. And when I was caught, I didn't want to take responsibility for my choice. That was wrong. And I don't do well in segregation. Especially when you know, the psychiatrist, you know, evaluated me, looked like -- don't say that? Okay. Well, he looked kind of like Jerry Garcia, but, you know, not a very well Jerry Garcia, and I didn't trust him very much, and he kept trying different medications out on me.

THE COURT: But you got the right meds now?

THE DEFENDANT: Your Honor, I'm on an antianxiety med right now, and that's all I'm on.

THE COURT: Paxil?

THE DEFENDANT: No, Klonopin actually. And back to what I wanted to get to is I just -- I'm -- I screwed up. I'm wrong for what I did, and I know if that's going to affect your decision, then it does. I can't -- I'm wrong.

THE COURT: The only decision is if you go to St. Cloud or stay here.

MS. LARSON: Will I have a chance to be heard on that issue as well? Your Honor, he has been in segreation, not actually in lock down, but he is segregated from the other inmates in the holding area. He has been behaving better than the last time he was here, but they do not want to hold him if they have any say in it. They would rather have him go to St. Cloud prison.

THE COURT: Mr. Galceran, what else do you want to tell me before sentencing?

THE DEFENDANT: Well, I would like to say that, you know, my intentions from the beginning in most of these crimes that I've pled guilty to that I wasn't a suspect when I came in, and basically how the story goes is I went home to my mother's house in Wisconsin and told her exactly what I had been involved with, and spent some time with my mom and my stepdad, and decided the next day to come in and to turn myself in. But not only to turn myself in on them cases, but I confessed to cases, you know, from before.

And you know, and that probably doesn't help me much, but that's true, and I refuse to be a liar anymore. I refuse to be dishonest and take -- not take full responsibility for my bad choices. I don't

believe completely in mental illness. I believe that, you know, I can't deny -- I ain't got what they call a mental illness is a stack about yeah high, you know, of being committed to state hospitals and whatnot, and whatever.

I know that right now that the only reason that I'm getting better and going better and getting on the right track is, you know, my belief is that my dedication to reading the word of God, and I ain't -- I'm not the brightest, you know, bulb on the tree, but that has made a big impact on my life, and Christian people in my life, including my parents, have brought that along.

You know, and my actions here at this county jail, you know, was a combination of the reality of what I had gotten myself into, the sorrow that I had felt, and the regret and the stupidity that I felt for doing what I did, and I -- there is nothing I can do to change my action of what I did. All I can do is look forward, and my federal time, what I want to say about this, is that when I was sent to St. Cloud, my case worker, Mr. Bartz, as soon as he received my paperwork, stated that what are you doing here? You are not -- you are not supposed to be in our custody. And I said, I know that.

And I realized that it was the sergeant and the jail administrator, Mr. Doud, who, you know -- I've never spoken to the man personally, but I've written him numerous kites and probably bugged him to death, but my sentence in Hennepin County was run concurrent with my federal sentence, to be served in federal custody.

Now, I believe that is what is happening here today, and St. Cloud, I mean, I'm not supposed to be there. And you know, what I'm asking for you is, I gave you my word that you would have no problems out of me for that month that I've been here, and I kept my word. And I'm asking you -- I'm working on some things with my family and with people in the Teen Challenge Program that have come up to visit me.

And my parents live four hours away in Wisconsin, and it's quite a trip for them to come up here, and for some reason, you can only have two people on your visiting list in St. Cloud while you are in orientation, so my girlfriend would come first, and then, you know, both parents make it on the list or whatever.

I'm just -- I'm trying to restore correct relationships in my life and cut off all the bad stuff, and the reason, you know, I'm asking for your