U.S. Department of Justice

Federal Bureau of Prisons

*346 Marine Forces Drive*
*Designation and Sentence Computation Center*
*Grand Prairie, Texas 75051*

January 29, 2008

The Honorable John R. Tunheim
Judge of the U.S. District Court
for the District of Minnesota
13E U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415

RE: GALCERAN, Robert Kilroy
Reg No. 09750-041
Case No.: 00-366(2)JRT/FLN

Dear Judge Tunheim:

On February 6, 2002, Robert Galceran was sentenced in the District of Minnesota to a 120-month term for Aiding and Abetting Bank Robbery. At the time the federal sentence was imposed, Mr. Galceran was under the primary jurisdiction of state authorities and in federal custody pursuant to a writ. The federal Judgment in a Criminal Case was silent regarding any relationship to the forthcoming state sentence. Following sentencing in federal court, Mr. Galceran was appropriately returned to state authorities and the U.S. District Court Judgment was filed as a detainer by the U.S. Marshals Service.

On November 6, 2002, the state of Minnesota sentenced Mr. Galceran to a 98 to 108-month term for Aggravated Robbery. He was released from his Minnesota state sentence on February 20, 2007. However, Mr. Galceran has submitted a request to your Court for his federal sentence to be calculated to run concurrently with his state sentence. As a result of the decision in Barden v. Keohane, 921 F.2d 476 (3rd Cir. 1990), the Bureau of Prisons (Bureau) will consider an inmate's request for a retroactive (concurrent) designation. The Bureau strives to administer sentences in accordance with federal statutes, Bureau policy and the intent of the sentencing court. A retroactive designation is made only after the review of all relevant factors under Title 18 U.S.C. § 3621(b).

It is the preference of the Bureau that the federal sentencing court be given an opportunity to state its position with respect to a retroactive designation, which, while not binding, can be helpful in our determination to grant or deny the request. Should the designation be granted, Mr. Galceran would begin serving his sentence on the date of imposition, February 6, 2002, which would result in a federal release date of July 7, 2009. Should the Bureau deny the request, Mr. Galceran's federal sentence will not have begun until February 20, 2007, when he was released from his state sentence. His projected release date will remain November 5, 2015. If the Bureau makes a decision, based on a review of all relevant 3621(b) factors, which is contrary to the Court's stated position, the Court will be notified accordingly.

Please advise us at your earliest convenience, as to the Court's position on a retroactive designation in this case. Should additional information be necessary, please contact Mr. Scott Allen, Operations Manager, at (972)595-3063.

Sincerely,

for

Delbert G. Sauers
Chief

jaf
cc: AUSA, William H. Koch
USPO, Michael P. Bell