UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 00-366 (2) (JRT/FLN)
Civil No. 07-4659 (JRT)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT KILROY GALCERAN,<br><br>Defendant. | UNITED STATES RESPONSE TO DEFENDANT'S MOTION TO CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255 |

The United States of America, appearing through its attorneys, Frank J. Magill, Jr., Acting United States Attorney, and Assistant United States Attorney James E. Lackner, hereby submits this response in opposition to Defendant's Motion to correct his sentence pursuant to 28 U.S.C. § 2255.

BACKGROUND

On July 24, 2001, the defendant pled guilty to a one-count indictment of aiding and abetting a bank robbery in violation of 18 U.S.C. § 2113(a) and 2. The defendant was sentenced on February 6, 2002. Galceran was found to be a career offender under U.S.S.G. § 4B1.1 based on two prior felony convictions for crimes of violence: a 1997 aiding and abetting second degree burglary conviction and 1998 aggravated robbery conviction. The Court adopted the factual findings and guideline application in the presentence report, but departed downward on the basis that the classification of defendant as a career offender dramatically over-

represented the seriousness of defendant's criminal history.[1] The Court concluded that a three-level adjustment in the offense level from 29 to 26, resulting in a range of 120-150 months and sentence of 120 months imprisonment was appropriate. (Judgment in a Criminal Case, Doc. No. 83; Statement of Reasons for Downward Departure, Doc. No. 86.)

The defendant appealed his conviction, which was affirmed by the Eighth Circuit Court of Appeals. See United States v. Galceran, 301 F.3d 927 (8th Cir. 2002).

Beginning in December 2002, through August 2006, the defendant filed numerous post-conviction challenges that were either formally dismissed by the defendant or dismissed as moot by the Court. (Doc. Nos. 94, 99, 100, 102, 103, 109, 114, 117, and 118.)

In November 2007, the defendant filed a motion under 28 U.S.C. § 2255 requesting the Court to order his federal sentence to run concurrently with his state sentence. (Doc. Nos. 122, 123.)

To resolve this matter, this U.S. Attorney's office forwarded Galceran's retroactive request for concurrent designation to the Bureau of Prisons (BOP) for their review and consideration. Prior to making its decision, the BOP wanted to know if it was the intent of this Court that Galceran's state and federal sentences run concurrently. (See January 29, 2008 Letter from Delbert Sauers,

[1] The defendant's total offense level was 29, criminal history category VI, and imprisonment range of 151-188 months. (Judgment in a Criminal Case and Statement of Reasons; Doc. No. 83).

Chief, BOP Designation and Sentence Computation Center attached as Govt. Ex. 1.)

This Court responded that the federal judgment was silent regarding whether the federal sentence should run concurrent to the state sentence because the state sentence was not imposed at that time. It was the view of the Court that under such circumstances, it was the state court that should consider whether the two sentences should run concurrently or not, and that the Court did not have an opinion to offer. (See February 12, 2008 Letter from U.S. District Judge John R. Tunheim attached as Govt. Ex. 2.)

On February 20, 2008, the BOP denied the defendant's request to calculate his federal sentence to run concurrent to his state term. (See Letter from Mike Dungan, Section Chief, BOP Sentence Computation attached as Govt. Ex. 3.) The BOP reviewed the defendant's appeal according to the factors provided in 18 U.S.C. § 3621(b) and found that the defendant's instant offense of bank robbery was violent, he has an extensive and violent criminal history, the Court declined to recommend his federal sentence run concurrent with the state, and the defendant was found to be a career offender under the Sentencing Guidelines. Id. The BOP also noted that the defendant was "borrowed" from state authorities pursuant to a federal writ, sentenced federally, and subsequently returned to the state. Id.; see also Doc. No. 65. The defendant was then release from state custody to a federal detainer on

November 20, 2007. (Govt. Ex. 3.)

## ARGUMENT

### THE DEFENDANT HAS FAILED TO EXHAUST HIS ADMINISTRATIVE REMEDIES, AND EVEN IF HE HAD, VENUE IS NOT PROPER

The Attorney General, through the BOP, has the responsibility for administering a federal sentence. See 18 U.S.C. § 3621(a); United States v. Wilson, 503 U.S. 329, 335 (1992). The court should accord deference to the BOP's interpretation of the statute it administers. Reno v. Koray, 515 U.S. 50, 61 (1995) (BOP entitled to deference in interpreting statutes to compute sentences).

Administrative exhaustion is required prior to challenging the computation of a sentence and the application of jail time credit. United States v. Bayless, 940 F.2d 300, 304-05 (8th Cir. 1991); United States v. Checchini, 967 F.2d 348, 350 (9th Cir. 1992) (prisoner must exhaust administrative remedies before seeking judicial review of Attorney General's sentence computation). See also Wilson, 503 U.S. at 335. The BOP has promulgated an administrative remedy system which is codified at 28 C.F.R. §§ 542.10 through 542.16. The administrative remedy procedures afford inmates confined in federal facilities the opportunity to voice their grievances and seek relief, and provides staff an opportunity to resolve issues in-house.

Galceran should not be permitted to deliberately bypass administrative remedies by raising his claim with this Court. Galceran should raise his issues with the BOP in an administrative complaint at the institution where he resides. Upon exhaustion of his administrative remedies, Galceran may seek judicial review of his claims in a petition filed under 28 U.S.C. § 2241.

Claims challenging the execution of a sentence or the length or duration of confinement are properly filed under 28 U.S.C. § 2241. See Matheny v. Morrison, 307 F.3d 709, 711 (8th Cir. 2002); DeSimone v. Lacy, 805 F.2d 321, 323 (8th Cir. 1986). A motion under 28 U.S.C. § 2255 may only be used to challenge the legality of the imposition of a sentence, not the manner in which the sentence is executed. Matheny, at 711; Bell v. United States, 48 F.3d 1042, 1043 (8th Cir. 1995). Defendant's claim pertains to the manner in which BOP is executing his sentence, and cannot be raised and decided in a motion filed in his underlying criminal case. See United States v. Hutchings, 835 F.2d 185, 186 (8th Cir. 1987) (federal prisoner's motion challenging the "manner in which his sentence was being executed" could not be entertained by the district court that sentenced him).

The proper venue for defendant's claim concerning BOP's computation of jail credit and the concurrent execution of his federal sentence is in the district of incarceration, not the district of conviction. See Braden v. 30th Judicial Circuit Ct.,

410 U.S. 484, 494-95 (1973) ("[t]he writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody."); Vasquez v. Reno, 233 F.3d 688, 690-91 (1st Cir. 2000). The defendant is incarcerated at the United States Penitentiary Big Sandy, Inez, Kentucky, and therefore, the proper venue is in the District of Kentucky after he has properly exhausted his available administrative remedies with BOP.

## CONCLUSION

For the foregoing reasons, defendant's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 seeking jail credit by having his federal sentence calculated concurrent with his state sentence should be dismissed without prejudice so that he may appeal his claim with the BOP.

Respectfully submitted,

Dated: April 14, 2005

FRANK J. MAGILL, JR.
Acting United States Attorney

s/James E. Lackner
BY: JAMES E. LACKNER
Assistant U.S. Attorney
Attorney ID Number 59298