UNITED STATE DISTRICT COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| Robert Galceran,<br>petitioner,<br><br>v.<br><br>United States of America,<br>respondent. | ) | Criminal No. 00-366 (2) (JRT/FLN)<br>Civil No. 07-4659 (JRT) |

**DEFENDANT'S RESPONSIVE MEMORANDUM**

The government erroneously characterizes Mr. Galceran's motion under 28 U.S.C. § 2255 as an administrative matter which should be addressed with the Bureau of Prisons (BOP). *See* United States Response to Defendant's Motion to Correct Sentence Pursuant to 28 U.S.C. § 2255, (Dk. # 131 - herinafter "United States Response") at p. 4. The government ignores Mr. Galceran's constitutional claim of a violation of the Equal Protection Clause of the constitution. *See* U.S. Const. amend. V. Equal protection claims may be properly raised in motions under Section 2255 of Title 28. *See United States v. Frady*, 456 U.S. 156, 161 (1982); *United States v. Barger*, 178 F.3d 844, 848 (7th Cir. 1999); *United States v. Futch*, 518 F.3d 887, 196 (11th Cir. 2008).The government incorrectly suggests that the matter may be remedy with the Bureau of Prisons given that the BOP requested input from this Court.

Because there was no indication in this Court's sentencing order regarding concurrent or consecutive with the state court sentence, the BOP is treating Mr. Galceran's sentence as consecutive to his state sentence. The state and federal sentencing issues are complicated by the fact that the BOP treated Mr. Galceran as being "borrowed" from the state pursuant to a federal writ for federal sentencing and returned to the state (*see* reference in United States Response at p.3), while the state court considered Mr. Galceran to have been "borrowed" from federal custody for sentencing purposes. See Attachment 1 hereto, page 21 of sentencing transcript in

Anoka County District Court. The complete transcript of the state court sentencing was included as Attachment 4 to Mr. Galceran's Memorandum in Support of Petition Filed Pursuant to 28 U.S.C. § 2255 (Dk. # 121). While perhaps not expected by the state and federal prosecutions, Mr. Galceran remained in state custody following his state sentence when he was "borrowed" from federal custody for sentencing.

The government, while not disputing the assertions in Mr. Galceran's petition that the state and federal court transcripts all indicate an intent by the parties to treat Mr. Galceran similarly as his co-defendant John Pinke and all indications that the state prosecutor and federal prosecutor (both of whom are now judges) expected and intended that Mr. Galceran's sentences run concurrently, seeks to elevate some form over substance and send Mr. Galceran into a black hole of sorts. The government suggests that the Bureau of Prisons decide how the courts intended Mr. Galceran to be sentenced. This after the BOP asked for clarification from the Court. This Court indicated in the letter dated February 12, 2008, no recollection of the Ccourt's intent at the time of sentencing.

Given that this Court has no independent recollection of its intent or the parties' intent at the time of sentencing, this matter is ripe for an evidentiary hearing at a minimum in this jurisdiction (unless the further submissions with this memorandum satisfy the Court regarding the intent of the parties and state court).

Mr. Galceran's previous submissions to this Court including transcripts of the sentencing before this Court, the sentencing in Anoka County District Court and the affidavit of his appointed counsel under the Criminal Justice Act, apparently have not been sufficient to satisfy this Court of the intent of the state and federal prosecutors and defense counsel in the two jurisdictions. A hearing before this Court to establish those facts by calling counsel for the various parties-former assistant Anoka County Attorney Kristin Larson (now Anoka County District Court judge), former assistant United States Attorney William Koch (now Hennepin County District Court judge), Patrick Noaker, defense counsel for Mr. Galceran in federal court

and Kristin Kopp Assistant Anoka County Public Defender and Galceran's counsel in state court. Testimony before the court from these individuals are expected to readily establish the intent of the parties which is not reflected in the judgement in a criminal case, that the state and federal sentences of Mr. Galceran were intended to run concurrently.

A hearing on the intent of the parties is appropriate under Section 2255 to answer the question the BOP directed to this Court, the suggestion of this Court in its letter dated February 12, 2008, and further evidence to establish the similar circumstances (with the exception of the timing of their state and federal sentencings) between Mr. Galceran and his codefendant, Mr. Pinke. An amendment or correction to the Judgment in A Criminal Case indicating that Mr. Galceran's federal sentence is concurrent with his state sentence (although the state sentence was not imposed by the time of his federal sentencing) is within the discretion of this Court. *See United States v. Mayotte*, 249 F.3d 797, 799 (8th Cir. 2001). A modification or correction to the Judgment In a Criminal Case would serve the intent of all parties as reflected in the transcripts of proceedings in the state and federal court.

The cases cited by the government on page 5 of its responsive memorandum suggesting that Mr. Galceran's petition is inapt under 28 U.S.C .§ 2255 are all inapposite. First *Matheny v. Morrison*, 307 F.3d 709 (8th Cir. 2002) involved a claim that the BOP was improperly setting the amount and timing of financial obligation payments. The case of *Vasquez v. Reno*, 233 F.3d 688 (1st Cir. 2000) involved a habeas corpus request under 28 U.S.C. § <u>2243</u> (unlike the instant case which seeks a corrected sentence under Section 2255. In *Bell v. United States*, 48 F.2d 1042 (8th Cir. 1995), the defendant was attacking <u>execution</u> of his sentence and "credit." *Id.* at 1043.). In *United States v. Hutchings*, 835 F.2d 185 (8th Cir. 1987) the defendant was seeking a release date from the BOP). None of the government's proposed authority provides a basis for concluding that the issue of whether concurrent versus consecutive sentencing should have been noted on Mr. Galceran's Judgment in a Criminal Case should be referred to the BOP for determination.

The suggestion that this matter be heard in the jurisdiction in which the defendant is currently incarcerated is again an apparent effort to thwart Mr. Galceran's effort to obtain the concurrent sentencing which all parties had anticipated would occur. See United States Response at page 5. Certainly the government is well aware Mr. Galceran could be transferred at any moment to a different institution by the Bureau of Prisons and thus make it impossible for him to ever be heard by any court. The result would be an excessive sentence, greater than that intended by the state court (and presumably by this Court) and a wildly disparate sentence from that imposed on codefendant Pinke.

The Government's suggestion that this petition should be dismissed in order that Mr. Galceran could "appeal his claim with the BOP" (United States Response) at p. 6 is an inadequate means of addressing Mr. Galceran's issues (and appears to be an effort to further frustrate the matter). The BOP sought input from this Court regarding the Court's intentions (Gov. Ex. 3, letter from Mike Dugan); this Court suggested further inquiry should be made as to the state court's intent. See February 12, 2008 letter from The Honorable John R. Tunheim - Gov. Ex. 2). The state court sentencing judge stated at the time of sentencing in the state court case that Mr. Galceran's state senctence is **"a concurrent sentence, and he can serve that sentence in federal court."** Sentencing transcript from State v. Galceran, Anoka County File Nos. K3-01-844, K4-01-2084 and K6-01-2085 (Attachment 4 to Motion under 28 U.S.C. § 2255) and two page excerpt attached hereto as Attachment 1. Additionaly, Mr. Galceran's counsel in state court also recalls that the intent of the parties in the state court case was that Mr. Galceran receive concurrent sentences for his state and federal offense - just like his co-defendant Mr. Pinke received. See Attachment 2, Affidavit of Kristin Kopp - Mr. Galceran's counsel in Anoka County District Court. Hence, dismissing Mr. Galceran's petition for an appeal to the BOP which has sought direction from the court appears to be an effort to further frustrate not only Mr. Galceran but also the BOP which looked to this Court for direction.

Mr. Galceran, through counsel, urges this Court to reject the government's

response which ignores the facts and the claims of Mr. Galceran supporting his motion to correct the judgement entered in this case to reflect concurrent sentencing and to set a date for a hearing on this motion at which time counsel for Mr. Galceran intends to present witnesses from the state court matter to establish the intent of the parties in Mr. Galceran's state and federal cases prosecuted in 2001.

Date: June 5, 2008

Respectfully submitted,

*deborah ellis*

Deborah Ellis
Atty. Lic. No. 14616X
700 Saint Paul Building
Six West Fifth Street
St. Paul, MN 55102
(651)-288-3554

# ATTACHMENT
# 1

FILED
NOV 19 2002
Jane F. Morrow
COURT ADMINISTRATOR
ANOKA COUNTY, MN
DEPUTY



STATE OF MINNESOTA IN DISTRICT COURT

COUNTY OF ANOKA TENTH JUDICIAL DISTRICT.

STATE OF MINNESOTA COUNTY OF ANOKA
MAY 22 2006
JANE F. MORROW, Court Administrator
By
Deputy

---------------------------

State of Minnesota,

vs.

Robert Kilroy Galceran

---------------------------

SENTENCING

File No. K3-01-844

K4-01-2084 and

K6-01-2085

TRANSCRIPT OF SENTENCE in the above-entitled matter before the Honorable James A. Morrow, Judge of District Court, on November 6, 2002 at the Anoka County Courthouse, Anoka, Minnesota.

* * *

APPEARANCES:

KRISTIN LARSON, Esq., appeared on behalf of the State;

KRISTIN KOPP, Esq., appeared on behalf of the Defendant.

S. Theobald, Reporter

the report date the person would get credit for time served even though he wasn't in custody, but Mr. Galceran is in custody, so I guess you could make an order for a delayed report date. I don't see why the Court wouldn't do that.

THE COURT: I'm not going to do that. Mr. Galceran anything else you want to say?

THE DEFENDANT: No.

THE COURT: I'm going to commit you, Mr. Galceran. I'm going to follow the plea agreement. Commit you to the Commissioner of Corrections on K4-01-2084 to 98 months in prison, execution forthwith. You'll get credit for 649 days you've served, all right? You don't have to serve that again. That's credit. The 98 months breaks down to 65 and a third months in prison and 32 and two thirds months supervised release. You can serve all of that supervised release if you don't follow the rules when you get out of prison. That's a concurrent sentence, and he can serve that sentence in federal court. Anything else I should should say on that first sentence?

MS. KOPP: Your Honor, in federal custody rather than federal court.

THE COURT: Federal custody is what I meant

# ATTACHMENT
# 2

STATE OF MINNESOTA )
) ss.
COUNTY OF ANOKA )

AFFIDAVIT OF KIRSTIN KOPP

I, Kirstin Kopp, below-signed, being first duly sworn on oath, depose and state as follows:

1. That I am a lawyer licensed to practice law in the State of Minnesota and have been practicing as a public defender in Anoka County, Minnesota since November 1997.
2. That I represented Robert Kilroy Galceran in Anoka County Court Files K3-01-844, K4-01-2084 and K6-01-2085 in 2002.
3. That I remember Mr. Galceran's cases and have reviewed the transcript of his sentencing in Anoka County District Court.
4. That I recall that while Mr. Galceran's cases were pending in Anoka County, he also had Hennepin County and federal charges pending.
5. That I remember we anticipated that Mr. Galceran's state sentences would run concurrently to each other and to the federal sentences he would receive. See pages 19 and 21 of the Sentencing Transcript from November 6, 2002.
6. That I have been informed by Mr. Galceran's current counsel that the co-defendant, Mr. Pinke, served his state and federal sentences concurrently.
7. That I remember that Mr. Pinke was the more culpable of the two co-defendants. See page 6 of the Sentencing Transcript from November 6, 2002.
8. That the prosecutor who appeared at the sentencing is now a district court judge and that Judge Morrow is now retired.
9. That my recollections is that the intent of all parties was that his Anoka County sentences run concurrently to the Hennepin County sentence and the federal sentence.

Further affiant sayeth naught.

Dated: 6/3/08

Kirstin Kopp
Attorney at Law

Subscribed to and Sworn to before me this
3rd day of June, 2008.

Notary Public

BONNIE RUTH HOWERTON
Notary Public-Minnesota
My Commission Expires Jan 31, 2013