UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Cr. No. 00-366(2)(JRT/FLN)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | GOVERNMENT'S RESPONSE TO |
| | ) | DEFENDANT'S REPLY |
| v. | ) | |
| | ) | |
| ROBERT KILROY GALCERAN, | ) | |
| | ) | |
| Defendant. | ) | |

The government has reviewed the defendant's reply and believes several points need further discussion. Therefore, the government asks leave of Court to file this response.

The Judgment and Commitment Order in this matter is silent as to whether the defendant's sentence should have been run concurrently with the state sentence. As this Court's February 12, 2008 letter to the Bureau of Prisons explains, it was silent because the state sentence had not been imposed at the time of the sentencing in this case.[1] The Court further noted in the letter that it is the state court which should consider whether the two sentences should be run concurrently. Presumably, this is because the state court sentenced Galceran after this Court.

However, under the circumstances of this case, the state court did not have authority to make this determination. Nor under federal law is the state court's intent dispositive. This is

[1]It should be noted that under Eighth Circuit law, the court does have authority at the time of sentencing to run its sentence concurrent or consecutive with a future state sentence, see United States v. Mayotte, 249 F.3d 797, 798 (8th Cir. 2001).

because, at the time of sentencing in this Court, the defendant was in state custody and was only temporarily removed from state custody via a writ of habeas corpus ad prosequendum for the purposes of his federal sentencing.

Nor did Galceran's federal sentence begin to run simply because he was produced in federal court based upon the writ of habeas corpus ad prosequendum from state custody. United States v. Cole, 416 F.3d 894, 896-97 (8th Cir. 2005). After receiving his federal sentence, he was subsequently returned to state custody for his state sentencing. Although the state court, the state defense attorney and the state prosecutor apparently assumed he would be sent to federal custody after receiving his state sentence, because the state had primary jurisdiction over him, this assumption was incorrect. Under well established rules of comity, he remained in state custody to serve out his state sentence.

Further, his federal sentence did not begin to run while he remained in state custody. See e.g. United States v. Cole, 416 F.3d at 897; see also Pinaud v. James, 851 F.2d 27, 30-1 (2nd Cir. 1988); United States v. Pungitore, 910 F.2d 1084, 1119 (3rd Cir. 1990) (Although James and Pungitore were analyzed under 18 U.S.C. § 3568, the successor statute applicable here, 18 U.S.C. § 3585, maintains the same basic authority for sentencing in the Attorney General. United States v. Wilson, 503 U.S. 329 (1992)). Federal custody, which initiates the running of the defendant's sentence,

does not commence until the state relinquishes the prisoner at the end of his state sentence. Rios v. Wiley, 201 F.3d 257, 274 (3rd Cir. 2005). Thus, because he served his state sentence first, the issue here is whether the defendant's federal sentence should have been considered to run concurrent to the state sentence, not as this Court assumed, whether the state sentence should be concurrent to the earlier imposed federal sentence. This issue is solely determined by federal law.

The government has no dispute with the defendant's statement that the state court and state parties intended to have the state sentence run concurrent to the federal sentence. However, that intent does not control the determination of how a federal sentence should be served. See Barden v. Keohane, 921 F.2d 476, 478 n.4 (3rd Cir. 1990) (state court order that state and federal sentences be run concurrently does not bind the Bureau of Prisons or federal courts); see also Abdul-Malik v. Hawk-Sawyer, 403 F.3d 72, 75 (2nd Cir. 2005); Leal v. Tombone, 341 F.3d 427, 428-30 (5th Cir. 2003). To the extent that the federal and state sentences conflict on the issue of concurrent or consecutive sentences, the federal sentence controls. Mayotte, 249 F.3d at 798.

Nor can a defendant receive credit for his federal sentence where he remained in state custody even though the state court recommends the defendant be transported to federal custody to serve concurrent terms. Tombone, 341 F.3d at 427 (where concurrent

sentences ordered by state court and U.S. Marshals declined to transport defendant to federal prison until state sentence completed, no credit due for state time served on the federal sentence).

In this case, because the defendant was returned to the custody of the state court to serve his state sentence prior to serving his federal sentence, it is solely federal law which controls the issue as to how his federal sentence was to be run. 18 U.S.C. § 3584 provides that where a sentencing federal court is silent about whether its sentence is to be concurrently or consecutively, it is to run consecutively:

> Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to be run concurrently.

In Barden, the Third Circuit held that the Bureau of Prisons does retain discretion under 18 U.S.C. § 3585 to determine if federal sentences should be concurrent with state sentences. The Bureau of Prisons has promulgated a Program Statement to guide such determinations. Of interest, the Program Statement, a copy of which is attached as Exhibit 1, notes that a federal sentence will be considered concurrent to a state sentence where the sentencing court's intent is made clear in the J & C. See Program Statement 9.b.(1).

Also significant, the Program Statement specifically contemplates situations where a federal court may not have realized

that its sentence would be run consecutively because the prisoner was returned to state custody before the federal sentence began. See 9.b.(3), Concurrent Service of Sentence after Imposition:

> The court may, from time to time, order concurrent service of the federal sentence at some time after its imposition. This may occur when primary jurisdiction resided with the state court and the court believed mistakenly that the inmate was in federal custody for the service of the federal sentence on the date of imposition.

The same statement also provides that a prisoner may request a Bureau of Prisons review of an initial decision to run his sentence consecutively. See Program Statement 9.b.(4). Under that section, the Bureau of Prisons requests the sentencing court for a statement as to its intention to have the federal sentence run concurrent to the state sentence. 9.b.(4)(c).

Because this Court did not express an opinion on the issue in its February 12, 2008 letter, the Bureau of Prisons reviewed Galceran's case and concluded that under 18 U.S.C. § 3584(a) and for the additional reasons stated in its letter to the defendant, his federal sentence should be run consecutive to his state sentence. See letter dated February 20, 2008, attached as Exhibit 2.

For the defendant to prevail in his § 2255 petition challenging this determination, he is required to demonstrate that the Bureau of Prisons abused its discretion. Barden, 921 F.2d at 483 (decision committed to the "sound discretion" of the Bureau of

Prisons). The defendant has failed to demonstrate an abuse of discretion and therefore the petition should be denied.

It should be noted that if, at the time it wrote the February 12, 2008 letter, this Court believed it had no authority to weigh in on the issue of concurrent/consecutive sentences because the state sentence was imposed after the federal sentence, that belief was in error. Unlike the Third Circuit, see Barden, the Eighth Circuit has held that federal courts can decide how a federal sentence will run with a state sentence, even if the federal sentencing occurs before the state sentence is imposed. Mayotte, supra; United States v. Sumlin, 317 F.3d 780, 782 (8th Cir. 2003). In other words, the order of sentencing does not deprive a federal court of the authority to make its sentence consecutive or concurrent to a state sentence.

If this Court is of the opinion that the federal sentence should have been run concurrently to the state sentence, one way to help effectuate that is to modify the J & C nunc pro tunc, to include the Court's intent for concurrent treatment. If the defendant so moves, and if the Court grants that motion, it would then be appropriate for the Court to dismiss the defendant's petition without prejudice to allow the Bureau of Prisons to factor in the Court's intentions as expressed in the J & C. This approach has been used in this district previously. See Eggers v. United

States, 2006 WL 3825065 (D.Minn. 2006) (Judge Doty) (a copy of which is attached).

If the Court is not of this view, Galceran's petition should then be denied because he cannot establish an abuse of discretion.

CONCLUSION

For all the above reasons the defendant's petition should either be dismissed without prejudice or denied. If the Court believes that its sentence should be run concurrent with the state sentence, and if the defendant so moves, the J & C can be modified nunc pro tunc to reflect this. The defendant's petition should then be dismissed without prejudice to allow the Bureau of Prisons to react to the Court's stated intent in an amended J & C. If the Court elects not to modify the J & C, then the petition should be denied because the defendant has failed to show that the Bureau of Prisons has abused its discretion in applying both the relevant federal statute and the Program Statement in determining that the sentence should be consecutive.

Dated: August 12, 2008

Respectfully submitted,

FRANK J. MAGILL, JR.
United States Attorney

s/James E. Lackner
BY: JAMES E. LACKNER
Assistant U.S. Attorney
Attorney ID Number 59298