U.S. Department of Justice

Federal Bureau of Prisons

*Designation & Sentence Computation Center*
*346 Marine Forces Drive*
*Grand Prairie, TX 75051*

February 20, 2008

Robert Kilroy Galceran
Reg. 09750-041
USP Big Sandy
P.O. Box 2068
Inez, KY 41224

Mr. Galceran:

This is in response to your request for your federal sentence to be calculated to run concurrent to your state sentence.

Title 18 U.S.C. § 3585(b) prohibits the Bureau of Prisons from granting you prior custody credit for time you spent serving a state sentence. However, as a result of Barden v. Keohane, 921 F. 2d 476 (3rd Cir. 1990), your case was reviewed for a "nunc pro tunc" designation.

We have reviewed your appeal according to the factors provided in 18 U.S.C. § 3621(b). In your case, we have determined the relevant factors under the statute are (2), (3), (4), and (5). With respect to factor (2), your instant federal offense is Aiding and Abetting Bank Robbery.

With respect to factor (3), the history and characteristics of the offender, our records reveal that at the time of sentencing for your instant offense, you were in custody of the state of Minnesota, pending sentencing on state charges. On November 6, 2002, the state sentenced you to a 98 to 108-month term of imprisonment for Aggravated Robbery, to run concurrently with your federal sentence. Additional state convictions include Theft (X2), Theft by Fraud, Petty Theft (X3), Financial Transaction Card Fraud, Aiding and Abetting Burglary, False Name to Police, and Aggravated Robbery (X2).

With respect to factor (4), the federal Judgement and Commitment Order was silent regarding the relationship of the federal sentence to any undischarged state sentence. The Court was further contacted regarding this issue and did not issue an opinion. Title 18 U.S.C. § 3584 states, "Multiple terms of imprisonment imposed at the same time run concurrently unless the court orders or the statute mandates that the terms are to run consecutively. Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." You were "borrowed" from state authorities pursuant to a federal writ, sentenced federally, and subsequently

returned to the state. You were released from state custody to a federal detainer on November 20, 2007.

Finally, under factor (5), pursuant to United States Sentencing Guidelines § 4B.1, you are considered a career offender.

Based on the foregoing, we have determined that a "nunc pro tunc" designation is not consistent with the goals of the criminal justice system due to the nature of your state conviction, repetitive criminal conduct, and the nature of your federal offense.

I trust this response has addressed your concerns.

Respectfully,

Mike Dungan
Section Chief,
Sentence Computation

jaf
cc: William H. Koch, AUSA
Michael P. Bell, USPO
Theresa Villarreal
Paralegal USAO Dist of Mn
CMC, USP Big Sandy

**Factors Under 18 USC 3621(b)**
**Worksheet**

Inmate: GALCERAN Reg. No.: 09750-041

**Factor (1)** - the resources of the facility contemplated:
Presently incarcerated at USP Big Sandy

**Factor (2)** - the nature and circumstances of the offense:
18 U.S.C. 2113(a) and 2: Aiding and Abetting Bank Robbery
Subject drove the vehicle in a bank robbery

**Factor (3)** -the history and characteristics of the prisoner (to include institutional adjustment and prior criminal history)
State Convictions:

| | |
|---|---|
| 1992: Theft | 1992: Theft by Fraud |
| 1993: Petty Theft | 1997: Financial Transaction Card Fraud |
| 1993: Petty Theft | 1997: Aiding and Abetting Burglary |
| 1993: Petty Theft | 1998: Aggravated Robbery |
| 1997: Theft | 1998: Aggravated Robbery |
| 1997: False Name to Police | |

**Factor (4)** -any statement by the court that imposed the sentence (to include no response from the judge:
The Court offered no opinion when contacted for a recommendation

**Factor (5)** - Any pertinent policy statement issued by the Sentencing Commission pursuant to section 994 (a) (2) of title 28:
Under USSG § 4B.1 he is considered a career offender

Operations Manager: James E. Hazelton Date: February 13, 2008

Recommendation: Grant/Deny _DENY

Justification: Based on Factor 2: Instant offense is violent; Factor 3: Criminal History is extensive and violent; Factor 4: Court declined to recommend; Factor 5: He is a career offender under U.S. Sentencing Guidelines.

Section Chief: [signature] Date: 2/14/08

Final Determination: Grant: __________ Deny: ✓

Comments:

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

CHAMBERS
JOHN R. TUNHEIM
DISTRICT JUDGE

300 SOUTH FOURTH STREET
MINNEAPOLIS, MN 55415

February 12, 2008

Federal Bureau of Prisons
Attn: Delbert G. Sauers
346 Marine Forces Drive
Designation and Sentence
Computation Center
Grand Prairie, TX 75051

**Re:** ***GALCERAN, Robert Kilroy***
**Reg No. 09750-041**
**Case No. 00-366(2) JRT/FLN**

Dear Mr. Sauers:

I write in response to the Bureau's inquiry as to the Court's position on a retroactive designation in this case. The federal judgment was silent regarding whether the federal sentence should run concurrent to the state sentence because the state sentence was not imposed at that time.

Under such circumstances, it is my view that it is the state court that should consider whether the two sentences should run concurrently or not, and thus I do not have an opinion to offer to you.

Sincerely,

John R. Tunheim

John R. Tunheim
United States District Judge

cc: James E. Lackner
Deborah Ellis, Esq.