# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT KILROY GALCERAN,<br><br>Defendant. | Criminal No. 00-366 (2) (JRT/FLN)<br>Civil No. 07-4659 (JRT/FLN)<br><br>**ORDER DENYING DEFENDANT'S<br>§ 2255 MOTION AND GRANTING<br>MOTION TO AMEND JUDGMENT<br>AND COMMITMENT ORDER** |

James E. Lackner, Assistant United States Attorney, **OFFICE OF THE UNITED STATES ATTORNEY**, 600 United States Courthouse, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for plaintiff.

Deborah K. Ellis, **ELLIS LAW OFFICE**, 6 West Fifth Street, Suite 700, St. Paul, MN 55104, for defendant.

Defendant Robert Kilroy Galceran filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, as well as a motion to amend the Judgment and Commitment Order, asking this Court to specify that his federal sentence runs concurrently with his state court sentence. For the reasons discussed below, the Court denies Galceran's § 2255 motion without prejudice, but grants his motion to amend the Judgment and Commitment Order.

## BACKGROUND

On July 24, 2001, Galceran pled guilty to one count of aiding and abetting a bank robbery in violation of 18 U.S.C. §§ 2113(a) and 2. This Court sentenced Galceran to a

term of imprisonment of 120 months on February 6, 2002.  Galceran is presently serving his sentence at a federal facility in Inez, Kentucky.

Following his sentencing in this Court, Galceran pled guilty on October 16, 2002, in Minnesota state court to first degree aggravated robbery.  Galceran was sentenced by the state court to a term of imprisonment of 108 months.  The state judge indicated at the time of sentencing that the state sentence was to run concurrently with the federal sentence imposed by this Court.

Galceran was transferred to the federal Bureau of Prisons (BOP) on February 20, 2007, and began serving his federal sentence at that time.  According to Galceran, he had served approximately two-thirds of his state court sentence at the time he was transferred to federal custody.  Galceran filed this motion in November 2007, requesting that the Court order his federal sentence to run concurrently with his state sentence.  Following Galceran's motion, the government forwarded his request for concurrent *nunc pro tunc* designation to the BOP for their consideration.  The BOP reviewed Galceran's request and inquired with this Court whether the federal sentence was intended to run concurrently with the state sentence.

On February 12, 2008, this Court responded by letter that the federal judgment was silent as to whether the federal sentence should run concurrently with the state sentence because the state sentence had not yet been imposed at the time Galceran was sentenced in this Court.  The Court further stated that, in such circumstances, it is the state court that should determine whether the two sentences run concurrently.

On February 20, 2008, the BOP denied Galceran's request for concurrent designation of his federal sentence. The BOP evaluated Galceran's request according to the factors set forth under 18 U.S.C. § 3621(b), including the nature and circumstances of the offense, the history and characteristics of the prisoner, statements by the federal sentencing court, and any pertinent policy statements by the Sentencing Commission. The BOP determined that the federal offense was violent, that Galceran has a significant criminal history, that this Court had declined to issue an opinion regarding whether Galceran's federal sentence was intended to run concurrently with the state sentence, and that Galceran was classified as a career offender under the sentencing guidelines. *See* 18 U.S.C. § 3621(b). For these reasons, the BOP declined to designate Galceran's federal sentence as concurrent with his state sentence.

## ANALYSIS

**I.    GALCERAN'S § 2255 MOTION**

The Attorney General is responsible for administering and computing federal sentences. *See* 18 U.S.C. §§ 3585 and 3621(a); *United States v. Wilson*, 503 U.S. 329, 335 (1992) ("After a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence."). The Attorney General has delegated this authority to the BOP, 28 C.F.R. § 0.96, which has in turn promulgated administrative procedures for inmates seeking "review of an issue which relates to any aspect of their confinement." 28 C.F.R. § 542.10. BOP regulations

establish a tiered review process for inmates seeking review of an issue related to their confinement.[1]

The government argues that Galceran's § 2255 motion should be denied because he has not exhausted his administrative remedies through the BOP. The Court agrees. A federal prisoner challenging a condition of his confinement through a petition for writ of habeas corpus, including challenges to the computation of his sentence, must exhaust available administrative remedies. *United States v. Chappel*, 208 F.3d 1069, 1069-70 (8th Cir. 2000) (denying inmate's petition seeking credit on his federal sentence for time he spent in state custody because he failed to exhaust administrative remedies). The record before the Court reveals that Galceran has not yet exhausted his administrative remedies with respect to his request for concurrent designation. Nor does the record suggest that an exception to the exhaustion requirement, such as futility, would be applicable in this case. *See Frango v. Gonzales*, 437 F.3d 726, 728-29 (8th Cir. 2006) (noting exceptions to judicially-created exhaustion requirements, including situations in which the party has failed to raise an issue because to do so would have been futile). The Court therefore denies Galceran's § 2255 motion without prejudice for failure to exhaust administrative remedies.

---

[1] An inmate must first seek informal resolution of the issue with institutional staff. 28 C.F.R. § 542.13(a). The inmate may then submit a formal written request to "the institution staff member designated to receive such Requests," within twenty days following the date on which the basis for the request occurred, or within any extension permitted. 28 C.F.R. § 542.14. Following resolution of the request, the inmate may appeal to the Regional Director of BOP within twenty days, and may appeal the Regional Director's decision to BOP's General Counsel within thirty days of the Regional Director's signed response. 28 C.F.R. § 542.15(a).

The Court notes that, should Galceran choose to challenge BOP's determination following exhaustion of his administrative remedies, such a challenge should be made through a petition for writ of habeas corpus under 28 U.S.C. § 2241.  A motion attacking the validity of the sentence itself must be brought under 28 U.S.C. § 2255 in the sentencing court.  *Matheny v. Morrison*, 307 F.3d 709, 711 (8th Cir. 2002).  However, claims challenging the execution of the sentence should be filed in a petition for writ of habeas corpus under § 2241.  *Id.*; *see also Chappel*, 208 F.3d at 1069-70 (finding that petitioner's challenge to BOP's calculation of federal credit for time in state custody should be filed as a § 2241 petition).  Moreover, a § 2241 petition attacking the execution of a sentence should be filed in the district in which the petitioner is incarcerated.  *Matheny*, 307 F.3d at 711; *Bell v. United States*, 48 F.3d 1042, 1043-44 (8th Cir. 1995).

Finally, the Court notes that a state court's determination that a sentence should run concurrently with a federal sentence is not binding on federal authorities.  *See Abdul-Malik v. Hawk-Sawyer*, 403 F.3d 72, 75 (2d Cir. 2005).  However, as the prosecution notes in its responsive memorandum to this Court, the Eighth Circuit has held that a district court may impose a federal sentence consecutive to or concurrently with a yet-to-be-imposed state sentence.  *See United States v. Mayotte*, 249 F.3d 797, 798 (8th Cir. 2001).  Shortly after the prosecution filed its memorandum, Galceran's counsel filed a motion to amend or correct the § 2255 motion, asking that this Court to amend the Judgment and Commitment Order ("J&C") to reflect that the federal sentence run concurrently with the state court sentence.  The Court construes Galceran's motion to

amend or correct the § 2255 motion as a motion to amend the J&C.  It now appears clear to the Court that the state court judge intended that Galceran's state court sentence run concurrently with the earlier-imposed federal sentence.  The Court will respect that determination.  Pursuant to its authority under *Mayotte*, the Court grants that motion, and will amend the J&C to provide that Galceran's sentence run concurrently with his state court sentence.[2]

## II.   CERTIFICATE OF APPEALABILITY

The Court may grant a Certificate of Appealability only where the movant has made a substantial showing of the denial of a constitutional right.  *See* 28 U.S.C. § 2253(c)(2); *Tiedeman v. Benson*, 122 F.3d 518, 523 (8th Cir. 1997).  To make such a showing, the issues must be debatable among reasonable jurists, a court must be able to resolve the issues differently, or the case must deserve further proceedings.  *See Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994).  As demonstrated above, resolution of Galceran's § 2255 motion turns on well-settled law regarding the exhaustion of administrative remedies.  For purposes of appeal under 28 U.S.C. § 2253, the Court finds it unlikely that reasonable jurists would find the issues raised in Galceran's § 2255 motion debatable, or that some other court would decide this § 2255 motion differently.  The Court therefore declines to grant a Certificate of Appealability.

---

[2] The Court notes that, under Federal Rule of Criminal Procedure 36, it may correct at any time an error in the Judgment and Commitment Order that arises from oversight or omission.

## ORDER

Based on the foregoing, all the records, files, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant's Motion to Vacate under 28 U.S.C. § 2255 [Docket No. 122] is **DENIED without prejudice**.

2. Defendant's Motion to Amend/Correct Motion to Vacate [Docket No. 136], which the Court construes as a motion to amend the J&C, is **GRANTED**. Accordingly, the Court will amend the J&C to provide that defendant's federal sentence run concurrently with his state court sentence.

3. For purposes of appeal, the Court does not grant a certificate of appealability.

DATED: August 29, 2008              s/ John R. Tunheim
at Minneapolis, Minnesota.          JOHN R. TUNHEIM
                                               United States District Judge