# United States District Court

## District of Minnesota

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>**ROBERT KILROY GALCERAN** | **AMENDED**<br>**JUDGMENT IN A CRIMINAL CASE**<br>(For Offenses Committed On or After November 1, 1987)<br>Case Number: **00-366(2) JRT/FLN**<br><br>Patrick W. Noaker<br>Defendant's Attorney |

**THIS JUDGMENT IS AMENDED ON PAGE 2.**

THE DEFENDANT:

[✔] pleaded guilty to count: 1 of the Indictment .

Accordingly, the defendant is adjudged guilty of such count, which involves the following offense:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number |
|---|---|---|---|
| 18 U.S.C. 2113(a) and 2 | Aiding and Abetting Bank Robbery | 10/19/2000 | 1 |

The defendant is sentenced as provided in pages 2 through 5 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

Special Assessment Amount   $ 100.00  in full and immediately.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

| | |
|---|---|
| Defendant's Soc. Sec. No.:<br>Defendant's Date of Birth:<br>Defendant's USM No.: **09750-041**<br>Defendant's Residence Address:<br>**420 Wilcox Road**<br>**Cornell, WI 54732**<br><br>Defendant's Mailing Address:<br>**Same**<br><br>Filed_____<br>Richard D. Sletten, Clerk<br>Judgment Entd_____<br>Deputy Clerk_____ | February 6, 2002<br>Date of Imposition of Judgment<br><br>s/John R. Tunheim<br>Signature of Judicial Officer<br><br>**JOHN R. TUNHEIM**, United States District Judge<br>Name & Title of Judicial Officer<br><br>August 29, 2008<br>Date |
| A true copy in 5 sheet(s)<br>of the record in my custody.<br>Certified February 7, 2002<br>by _____<br>Deputy Clerk | |

CASE NUMBER:    00-366(2) JRT/FLN    Judgment - Page 2 of 5
DEFENDANT:    ROBERT KILROY GALCERAN

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 120 months. **This sentence is to run concurrent with his state court sentence, from Anoka County:**
K4012084 - sentenced on 11/6/02 to 98 months
K6012085 - sentenced on 11/6/02 to 108 months (concurrent with the 98 months)


[✔]    The court makes the following recommendations to the Bureau of Prisons:
The Court recommends that the defendant serve his term of imprisonment at the federal facility in Sandstone, Minnesota. The Court strongly recommends that the Bureau of Prisons provide the defendant with every mental and psychiatric program available. The Court also recommends that the defendant receive credit for time already served. The Court requires that the defendant is not placed in any facility for any amount of time with the co-defendant John Pinke.

[✔]    The defendant is remanded to the custody of the United States Marshal.


## RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____
at _____ , with a certified copy of this judgment.


_____
UNITED STATES MARSHAL

By _____
Deputy U.S. Marshal

| | | |
|---|---|---|
| CASE NUMBER: | 00-366(2) JRT/FLN | Judgment - Page 3 of 5 |
| DEFENDANT: | ROBERT KILROY GALCERAN | |

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of 3 years.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

[✔]   The defendant shall not possess a firearm as defined in 18 U.S.C. § 921. (Check if applicable).

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page (if indicated below).

# STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow instructions of the probation officer;
4) the defendant shall support his or her dependants and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;
6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit home or her at an time a home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev. 8/96) Sheet 3 - Supervised Release

| | | |
|---|---|---|
| CASE NUMBER: | 00-366(2) JRT/FLN | Judgment - Page 4 of 5 |
| DEFENDANT: | ROBERT KILROY GALCERAN | |

# SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall not commit any crimes, federal, state or local.

2. The defendant shall abide by the standard conditions of supervised release recommended by the Sentencing Commission.

3. The defendant shall refrain from possessing a firearm, destructive device, or other dangerous weapons.

4. The defendant shall participate in a psychological/psychiatric counseling or treatment program, as approved and directed by the probation officer.

5. The defendant shall participate in a program for drug and/or alcohol abuse at the direction of the probation officer. That program may include testing and inpatient or outpatient treatment, counseling or a support group.

6. The defendant shall undergo mandatory drug testing as set forth by 18 U.S.C. §§ 3563(a) and 3583(d).

7. The defendant shall abstain from the use of alcohol and other intoxicants and not frequent establishments whose primary business is the sale of alcoholic beverages.

CASE NUMBER:     00-366(2) JRT/FLN                                          Judgment - Page 5 of 5
DEFENDANT:       ROBERT KILROY GALCERAN

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the Schedule of Payments set forth on Sheet 5, Part B.

|         | Fine | Restitution |
|---------|------|-------------|
| Totals: | $    | $ $975.00   |

# RESTITUTION

[✔] The court modifies or waives interest on restitution as follows:

The interest requirement is waived.

[✔] The defendant shall make restitution jointly and severally with co-defendant John Pinke 00-366(1) JRT/FLN to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order of percentage payment column below.

| Name of Payee | **Total Amount of Loss | Amount of Restitution Ordered | Priority Order or % of Pymnt |
|---|---|---|---|
| TCF National Bank | | $975.00 | |
| Attn: Michael Beier, Loss Prevention Unit | | | |
| 801 Marquette Avenue South | | | |
| Mail code 001-01-K | | | |
| Minneapolis, MN 55402 | | | |
| TOTALS: | | $ 975.00 | $ |

Payments are to be made to the Clerk, U.S. District Court, for disbursement to the victim.

# SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

A   [✔] Over the period of incarceration, the defendant shall make payments of either quarterly installments of a minimum of $25.00 if working non-UNICOR or a minimum of 50 percent of monthly earnings if working UNICOR.

B   [✔] in monthly installments of $25.00 over a period of 3 years to commence 30 days after release from confinement.